IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH EDWARD ECKERT, | * | |
| Plaintiff, | * | |
| v. | * | CV 124-026 |
| JASON OWEN, | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Plaintiff's stipulation of dismissal. (Doc. 16.) Federal Rule of Civil Procedure 41 governs the voluntary dismissal of actions.

Only Plaintiff has signed the stipulation of dismissal. (Id. at 1-2.) A stipulation of dismissal under Rule 41(a)(1)(A)(ii), however, only allows a plaintiff to "dismiss an action without a court order by filing . . . a stipulation of dismissal *signed by all parties who have appeared.*" FED. R. CIV. P. 41(a)(1)(A)(ii) (emphasis added). In a recent opinion, the Eleventh Circuit found "a Rule 41(a)(1)(A)(ii) stipulation also requires the signature of a party that appeared but has already been removed from an action." City of Jacksonville v. Jacksonville Hosp. Holdings, L.P., 82 F.4th 1031, 1038 (11th Cir. 2023) (citation omitted). Therefore, without

the signatures of all parties that have appeared in this case, Plaintiff's stipulation of dismissal (Doc. 16) is invalid.

Alternatively, Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss a case without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Here, however, Defendant filed an answer to the complaint. (Doc. 1-1.) Therefore, Rule 41(a)(1)(A)(i) is not a proper mechanism for Plaintiff to voluntarily dismiss this case.

Based on the foregoing, Plaintiff's stipulation of dismissal is invalid. If Plaintiff wants to dismiss the above-named Defendant, she is instructed to re-file in compliance with either Rule 41(a)(1)(A)(ii) or Rule 41(a)(2).

**ORDER ENTERED** at Augusta, Georgia, this 31st day of July, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA